May it please the court. My name is Avik Ganguly. I represent the defendant appellant Byron Nugent. In order to focus in on what I believe to be the main and relatively narrow issue at hand, I'll address the procedural error by the district court evidenced by the order issued denying Mr. Nugent's motion for reduction in sentence. Mr. Nugent sought from the district court a limited adjustment to the sentence he received under the old sentencing guidelines. The district court summarily denied his request without giving due consideration to the sentencing factors under 3553A. There was no dispute between the government, probation, or defense that he qualified for the discretionary reduction pursuant to 18 U.S.C. 3582C2. The district court abused its discretion when it failed to give due consideration to the factors that it was supposed to consider. 3582C2 states in part that the court may reduce the term of imprisonment after considering the factors set forth in 3553A. It is not that Mr. Nugent is necessarily entitled to a reduction of his sentence. Rather, by law, he is entitled to know why he was denied despite being qualified. I'm looking at A143, which is the order regarding the motion, and that sets out the following factors under Title 18, U.S.C. section 3553A, the defendant admitted being involved, the defendant admitted relevant conduct, the defendant fled the scene of his crime, the defendant provided a false name to law enforcement, the defendant is not a U.S. citizen, was previously deported, the defendant has two prior felony convictions. Why is that not a consideration of the 3553A factors? The – well, to answer that question, those factual assertions that are listed in the The user has told us you started by arguing that the district court failed to consider the 3553A factors. It says upon the following factors under Title 18, U.S.C. section 3553A. And those specific factors are not – first of all, are not 3553A factors. Arguably, all eight of those factors could go to 3553A1. But the – those History and characteristics? I'm sorry? You mean the defendant's history and characteristics? Correct. However, the 3553A factors beyond, arguably, number one, are completely ignored if you take into account those factual assertions as being 3553A factors. No. It says factors under Title 18, U.S.C. section 3553A. Those – those factors It would have been a little redundant. It would have been a little silly for the district court in this order to just say, here are the 3553A factors, as in 3355 3A, you know, and general deterrence, specific deterrence. It gives us more information. Well, the issue is, however, in light of the fact that the plea that took place in this And I think it's important to note, when you look at the eighth fact in particular that's listed on the order, that one was – was erroneous completely, that he failed to cooperate with probation. What should – what should we do? I gather that's conceded that one of the eight, namely the eighth, was – was just wrong, right? What would you have us do with – with respect to that in particular? I believe that this – that there was a procedural error that took place that's tantamount to abuse of discretion, that this should be remanded, at the very least, remanded for – for due consideration of the Seven of the eight. Of the seven reasons rather than the eight which includes one that is not true. Well, I think – I think that the consideration – and again, I'm not getting into the substantive argument here, which I am prepared to address, but procedurally, the court – the court does have the ability to use some of the factors in making its decision. The problem here is the order is unclear at best as to whether any of the factors are actually considered given the fact that it is just a recitation of the facts that underlie the case at the time of the plea. But all of those factors, it seems to me, fall within – I mean, I grant you the eighth factor presents an issue because he did not refuse to be interviewed by the U.S. Probation Office, and so that's an error. It's not his – part of his history and characteristics. But all the other factors seem to me to fall within history and characteristics. So I'm having difficulty seeing why a court doesn't discharge its obligations by listing facts like that after first telling – telling us I'm considering the 3553A factors. These are my reasons. This is how I'm considering them. In examining whether or not there was procedural error, I think that it is important to look to the substantive – potential substantive error that took place. The initial plea that on the order was a mid-guideline sentence. It wasn't a top-of-the-guideline sentence. To go back now and concede that he is qualified for reduction under the new sentencing guidelines, but then to issue a sentence that is the very top of the new sentence guideline, as well as the exact same sentence that he had before, gives question as to whether or not the court properly considered the factors it was supposed to under – under the new sentencing guidelines. So this is the product of being on appeal. What we have before us – so I'm going to start with how you started – is the district court's order that lists – set aside number eight for a second – factors that seem to jibe with the – factual factors that seem to fall within each one of the 3553A factors. Well, I don't – What else can we – how else can we assess this argument that you're making, that he – he and – that the district court did not, in fact, consider the factors when we have a list that seems to strongly suggest that he considered the factors? The list, again, number one, is flawed. And we know that it's flawed because of an inclusion of an erroneous fact. The form itself is boilerplate, literally a checkbox with then listing the facts. The factors are – are actually unique to your – to the defendant here. The – the facts are, yes. However, they're the same – again, the same exact facts that were at place at the original sentencing. I think you have to look beyond just what's listed on this form in deciding whether or not there was procedural error here in that due consideration wasn't given to the sentencing factors. Number one, the order doesn't acknowledge that the sentencing guidelines were considered at all. And – and obviously, the court does have to give consideration to the guidelines. And if – Your argument, and I'm just making sure I understand it, is that because he was sentenced in the middle of the guidelines range the first time around, based on a set of characteristics, and the guidelines range has now been lowered, if he's not sentenced to the middle of the lower guide – guidelines range, we need a – something more by way of explanation than the articulation of the same factors that were articulated at the original sentence. In essence, yes, Judge, that there – that that would be at least an indication that the court gave some consideration to both the guidelines, his qualification for the reduction, and the 3553a factors that were considered in – in even denying him the reduction and giving – in keeping his sentence at now the top end of the guidelines. But could you also briefly address – the government has raised a jurisdictional argument here. Yes, Judge. With regards to – to jurisdiction, the government has raised what I would like to point out that this court has acknowledged jurisdiction under 1291 in the past, specifically with United States v. McGee, which is cited in my – my brief, as well as I would venture to guess numerous other cases such as this that have been heard by – by this court. So I don't believe that there is this – I believe this court has jurisdiction under 1291. However, assuming arguendo that 3742 is controlling with regards to jurisdiction, I think that this court would still have jurisdiction because we are arguing that this sentence was imposed in violation of law, specifically the procedural and substantive violations inherent in the order that we're arguing. If in fact those are correct, then this sentence would be in violation of law, and this court would still have jurisdiction under 3742. Thank you. Good morning. Frank Pimentel for the United States. May it please the Court. As the Court is aware, we do make two arguments, the first of which is an issue of first impression in this Court. It's the jurisdictional argument. And then the second – Really, first impression? I'm – I'm – why – why doesn't Johnson and McGee – why don't they suggest we've already decided this issue? Well, Your Honor, I – the way I read the cases, this Court's cases, is that it has assumed it had jurisdiction and, with that assumption, reviews for abuse of discretion. I don't know that the Court has directly head-on considered the initial question, do we have jurisdiction? It's not that we have assumed jurisdiction. In every single one of the government's briefs in these cases, there's a jurisdictional statement. And the government, including in McGee, says you have jurisdiction pursuant to. And that includes in all of these 3582 cases. But now, all of a sudden, after brief, brief after brief after brief from the government making a representation of this Court and conceding jurisdiction, you say, oh, actually, there's a jurisdictional problem. The question of first impression is whether we should – should abandon our precedents and take Sixth Circuit precedent instead, which I think I know the answer to, but I don't know whether it is a – there's precedent. I can – I can give you the background on this if you're – if you're interested. Essentially, we were advised or informed by DOJ last fall that this was now the position of the Department of Justice based on an invitation from the D.C. Circuit to brief the issue. So after considering the issue, the Department of Justice decided that in cases where the – where the appeal is from discretionary denial of a 3582c2 motion, the Department's position is that the court of appeals does not have jurisdiction. So we are. So here we are on that issue. And I do – and I will say, Your Honor, I don't think it is without some merit, because unlike – in the D.C. Circuit, as I noted in the 28J letter, the D.C. Circuit subsequently in January decided that it did have jurisdiction. So we've informed the court of that, which stands in contrast to the Sixth Circuit's decision. However, the D.C. Circuit was not bound, as – as I believe this Court is bound, by its 35B and substantial assistance decisions. I suggest that if you don't get by the jurisdictional question, we'll never get to the issues that we're – that we're looking to answer here. Correct. And I'm – and I can – I am happy to address those. With respect to the – the issue of the number 8 reason, that is subject to harmless error analysis, as this Court has set forth. How do we know – how do we know that's harmless? That's my – I understand that. But how do we know that this judge thought, boy, that is really terrible, terrible. I've never said anything about it. I admit that it seems unlikely that that alone would change anything, but we don't know that. Well, Your Honor, in this case, we actually do have the fact that while he says that in the order, what he did initially at sentencing was he gave the defendant credit for three levels of acceptance of responsibility, which implicitly credits the fact that he did interview with probation. So the fact that he makes a statement to the contrary is belied by what he actually did at sentencing, which is credit the defendant for the third level of acceptance. So I would argue, Judge, that we – it's a nullity. It's a stray remark. Because what he did was, in fact, credit the defendant for having done the interview. At the original sentencing. At the original sentencing. And that – Why doesn't that sort of cut the other way? I mean, he got the additional point for acceptance of responsibility. The judge may have been misapprehending when he's making a decision on the subsequent motion in a way that would be meaningful – I mean, meaningful to that judge. I mean, I'm just – I'm having – I'm sharing, Judge Sachs, my colleague's difficulty in seeing how we conclude it's harmless. It might be harmless, and the judge might, if it matters, remanded, said, I would reach the same determination. Well, I think we – I'm not seeing how I can – I can be confident that that's the case based on the three points. Well, I think, Judge, Your Honor, first of all, we should remember that this was a 11C1C plea. And so the parties agreed up front, this is – this is – this should be the sentence It happened to fall within the guideline range. It still falls within the guideline range, even the amended – the reduced range, which is 120 to 135 months. So we're still talking about a guideline sentence. I think that's an additional reason why we can be confident that the error here, if it was – if you want to call it error, was harmless. The defendant still received a guideline sentence. And it was the sentence that the parties agreed to initially, and nothing changed in that respect. That may have been the real overriding consideration. It may be. It may be. And I believe that – that under Freeman, which deals with the 11C1C issue, the district court is entitled to come to that conclusion. It can – it can decide that the initial sentence was the appropriate sentence. So – And category – am I right in reading these facts, factors, however you want to describe them, that 8 – the facts 1 through 7 are categorically maybe more serious than 8? Yes. They deal – they deal with the conduct, the criminal conduct, the defendant's criminal history, and – and those sorts of considerations. I might also add a consideration that he did not put in the order, but that he did note at the original sentencing, was that this plea was arranged for the defendant to avoid a 20-year mandatory minimum, which was no small consideration here. And of course, he was still getting the benefit of that. I would argue that what – what Judge Geraci did here, the district court did, was exactly what Dillon commands. He considered whether the defendant was eligible. He determined that he was. There was no dispute about that. The parties agreed that he was eligible for a reduction down to 120 months. And then in his discretion, for the reasons that he gave, decided that there was no relief – that he was not entitled to relief – or should not receive relief, not that he was not entitled to it, that he should not receive it, that he had basically gotten everything he had bargained for, and that nothing further was warranted. The fact – other issues that are raised by the appellant, he said – he says that the reasons that were set forth in this order were the reasons that were given initially. This Court has said, albeit in unpublished decisions, there's no problem with that. The judge may consider the reasons that were initially given as reasons for denial on a 3582 motion. So in the absence of any further questions from the panel, I would ask that this Court either dismiss the appeal or, in the alternative, find that the district court did not abuse Very briefly, there's an important difference between the exercise of discretion and how discretion was exercised when it comes to looking at the order that's supposed to express what the judgment was of the Court and give some reflection as to why the Court reached its decision. To address one of the judge's questions, specifically about number eight not being as serious in the context of the first seven factual assertions, I would argue that while on its face, practically, perhaps, it doesn't seem as serious, but in the context of the legal proceeding and the context of sentencing, it's very serious. As another judge pointed out, that it could have had an effect on whether or not the defendant was given the three- or one-point-four acceptance reason. If I'm right, that each one of those facts, right or wrong, I mean, accurate or not, relate to some factor under 3553A, which factor, which 3553A factor does the refusing to be interviewed by U.S. probation relate to? That would potentially go towards the first factor, history, characteristic of the defendant. His refusal to cooperate with the pre-sentence investigation process could very well reflect on his character. It could very well reflect on the history of the case, specifically, as he's instructed he has to cooperate with probation. So it could go to that factor. I think the very point, the fact that we are assuming or guessing or trying to figure out what happened, again, reaffirms how this particular order procedurally is an error, that it wasn't clear as to the reasonings used by the court in exercising its discretion. Thank you. Thank you both.